UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  3:93-CR-031 |
| | ) | |
| MARK ANTHONY ANDREWS | ) | |

## **MEMORANDUM AND ORDER**

By judgment entered March 15, 1994, this Court sentenced the defendant to a net term of life imprisonment after a jury found the defendant guilty on 12 counts of the indictment. The life sentence was statutorily mandated for the conviction on Count Two, conspiring to distribute powder cocaine.

Now before the Court is the defendant's "Motion for Sentence Reduction Pursuant to the First Step Act of 2018." [Doc. 1154]. Through counsel, the defendant asks the Court to reduce his sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372. Counsel electronically submitted the motion using a filing code which indicated that the defendant is "eligible for immediate release."

The United States has responded in opposition to the motion [doc. 1155] and the defendant has submitted a reply [doc. 1156]. For the reasons that follow, the motion will be denied.

I.

*Authority*

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, expressly permits sentence modification for some defendants.

II.

*Section 404 of the First Step Act*

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).

Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for certain *cocaine base* offenses. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat.

2372. Section 3 of that act eliminated enhanced mandatory minimum sentences for simple possession of _cocaine base_.  Id.

According to the instant motion,

> Pursuant to the Fair Sentencing Act of 2010, Mark Andrews would have faced a reduced sentence had it been in effect at the time.  His conviction and sentence were for a violation of an offense covered by Section[] … 404 of the First Step Act.  If Section 2 of the Fair Sentencing Act of 2010 had been in effect at the time of Mark Andrews's sentencing, he would not have been subject to a minimum mandatory life sentence and qualifies for a reduction in his sentence.

[Doc. 1154, ¶ 13].  The defendant is simply incorrect.

Again, the First Step Act offers the possibility of a reduced sentence for persons sentenced prior to the enactment of the Fair Sentencing Act of 2010 who were convicted of a "covered offense," that being a _cocaine base_ offense affected by section 2 or 3 of the Fair Sentencing Act.  The instant defendant was convicted on 12 counts of his indictment but none of those 12 counts were _cocaine base_ offenses.

The defendant is serving a life sentence for a _powder cocaine_ offense.  Sections 2 and 3 of the Fair Sentencing Act of 2010 did not address _powder cocaine_.  As such, the defendant is not entitled to relief under section 404(b) of the First Step Act of 2018.

### III.

*Section 401 of the First Step Act*

The defendant also cites the First Step Act's sections 401(a)(1) and (a)(2) as avenues for relief.  Those sections, respectively, redefine the types of prior convictions that can be

used to enhance a defendant's sentence under 21 U.S.C. § 851 and reduce the enhanced mandatory minimum sentences for certain controlled substance offenses.

Section 401(c) of the First Step Act makes clear that Section 401 applies only to persons who had not yet been sentenced as of the act's enactment date – December 21, 2018. *See* 132 Stat. 5194, 5221. The instant defendant was sentenced in <u>1994</u>. Accordingly, Section 401 of the First Step Act does not apply to him.

IV.

*Booker*

Lastly, the defendant contends that

> [i]n *United States v. Booker*, 443 U.S. 220 (2005), the United States Supreme Court held that the United States Sentencing Guidelines were advisory rather than mandatory and review of sentences was to be by an unreasonableness standard. Accordingly, Mark Andrews' sentence as to Count 2 of mandatory life imprisonment cannot stand.

[Doc. 1154, ¶ 12].

*Booker* does not apply retroactively. *See, e.g., Duncan v. United States*, 552 F.3d 442 (6th Cir. 2009). Further, the defendant's life sentence on Count Two was dictated *by statute* and not by a then-mandatory guideline range.

4

V.

*Conclusion*

For all these reasons, the defendant's motion for sentence reduction [doc. 1154] is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge