UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:93-CR-031 |
| | ) | |
| MARK ANTHONY ANDREWS | ) | |

**O R D E R**

Defendant Mark Anthony Andrews is presently housed at FCI Coleman Medium, where he is serving the Life sentence imposed by this Court in 1994. According to his Bureau of Prisons SENTRY profile and the reports of Bureau of Prisons staff [doc. 1159, ex. 1], he is serving that sentence admirably.

*Pro se*, defendant Andrews has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 1159]. He cites his post-offense rehabilitation, the COVID-19 pandemic, the fact that he would not receive a lifetime term of imprisonment if sentenced today under current law, and medical conditions including "asthma, hypertension, and a bruised kidney." [*Id.*]. The prosecution opposes the motion. [Doc. 1164].

A district court's compassionate release evaluation is done in three steps. *See generally United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). At the first step, there must be "extraordinary and compelling reasons" justifying release. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The COVID-19 pandemic, standing alone, is not an extraordinary and compelling reason. *See, e.g., United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Similarly,

"[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

The prosecution recognizes that, were defendant Andrews sentenced today, he would not be subject to a mandatory Life sentence due to non-retroactive changes in the law brought about by the First Step Act of 2018. [Doc. 1164, p. 5]. At present, however, evolving and at times clashing authority from the Sixth Circuit Court of Appeals dictates that a non-retroactive change in the law cannot serve as an extraordinary and compelling basis for relief, whether alone or in combination with other factors. *Compare United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. Mar. 9, 2021) (The compassionate release statute cannot be used "as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms."), *with United States v. Owens*, 996 F.3d 755, 763-64 (6th Cir. May 6, 2021) (Remanding, *Tomes* notwithstanding, for the district court "to consider whether Owens's rehabilitative efforts and the lengthy sentence he received because of exercising his right to a trial may, in combination with the First Step Act's changes to § 924(c), constitute an extraordinary and compelling reason for compassionate release."), *with United States v. Jarvis*, ___ F.3d ___, 2021 WL 2253235, at *4 (6th Cir. Jun. 3, 2021) ("*Tomes*, decided before *Owens*, 'remains controlling authority' . . . . A faithful reading of *Tomes*, we respectfully submit, leads to just one conclusion: that it excluded non-retroactive First Step Act amendments from the category of extraordinary or compelling reasons, whether a defendant relies on the amendments alone or combines them with other factors.").

That, as of today, leaves only defendant Andrews' allegations of medical conditions including "asthma, hypertension, and a bruised kidney." However, the record before the Court is devoid of documentation regarding defendant Andrews' physical health.

The pending motion [doc. 1159] is accordingly **TAKEN UNDER ADVISEMENT** pending the defendant's submission of his Bureau of Prisons medical record. That record, upon filing, will be placed under seal by the Clerk of Court. Lastly, in keeping with the spirit of this Court's Standing Order SO-21-09, the Clerk of Court is **DIRECTED** to provide Federal Defender Services of Eastern Tennessee with a copy of this order.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge