UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:93-CR-031 |
| | ) | |
| MARK ANTHONY ANDREWS | ) | |

## MEMORANDUM OPINION

By memorandum and order entered July 21, 2021, the Court granted the defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), reducing the defendant's term of imprisonment to time served with no supervised release to follow. [Docs. 1170, 1171]. Now before the Court is the United States' motion for partial reconsideration of that ruling. [Doc. 1174].

As previously observed by the Court, the defendant's original 1994 judgment of conviction did not include a term of supervised release, as would have been the practice in this judicial district at that time for persons sentenced to Life imprisonment. [Doc. 1170, p. 2, n.2]. As further noted in the Court's prior ruling, "The Court lacks authority to undo the omission of a supervised release term in the original judgment. *See generally United States v. Robinson*, 368 F.3d 653 (6th Cir. 2004); *United States v. Burd*, 86 F.3d 285 (2d Cir. 1996)." [*Id.*, p. 13, n.4]. In its motion for partial reconsideration, the United States expressly does not challenge any of those statements.[1]

---

[1] The United States also does <u>not</u> seek reconsideration of that part of the Court's ruling which reduced the prison sentence to time served.

However, the United States argues—correctly—that the Court did not consider its discretionary authority under § 3582(c)(1)(A) to impose or extend a term of supervision upon the grant of compassionate release. Section 3582(c)(1)(A) provides in relevant part that a district court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable . . ."

Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The relief afforded by Rule 35(a) is "extremely limited" but allows the curing of errors "that would have resulted in a remand by the appellate court." *United States v. Houston*, 539 F.3d 743, 749 (6th Cir. 2008) (citing and quoting *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006)). The Court finds that the relief now requested by the United States is permitted by Rule 35(a).

The Court has again considered the 18 U.S.C. § 3553(a) factors. It is again noted that the defendant's post-offense rehabilitation has been unique, admirable, and extraordinary. Nonetheless, a term of supervision would aid in the defendant's transition back into his community, would reflect the seriousness of the offenses of conviction, would promote respect for the law, would protect the public, and would avoid unwarranted sentence disparities. Accordingly, within the discretion afforded by 18 U.S.C. § 3582(c)(1)(A), the Court will amend its judgment to include a period of supervised release.

The United States recommends ten years of supervision as would have been required by 21 U.S.C. § 841(a)(1) but the Court finds that to be excessive in light of the defendant's conduct while incarcerated. The Court will instead impose a five-year term.

For the reasons provided herein, the United States' motion for partial reconsideration [doc. 1173] is **GRANTED**, and the Court's order directing supplemental briefing [doc. 1174] is **WITHDRAWN**. The Court's judgment will be amended to include a five-year term of supervision.

While on supervised release, the defendant shall comply with this Court's mandatory and standard conditions of supervision. Additionally, he must comply with the following special conditions:

1. The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer.

2. The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. §1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted in a reasonable time and in a reasonable manner.

An amended judgment will be entered.

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge